**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**ELECTRONICALLY FILED**

IN RE:

RW LOUISVILLE HOTEL ASSOCIATES, LLC            CHAPTER 11

DEBTOR IN POSSESSION            CASE NO. 10-35356

**EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR'S POST-PETITION USE OF CASH COLLATERAL**

**I. INTRODUCTION**

RW Louisville Hotel Associates, LLC, as Debtor and Debtor-in-Possession in this Chapter 11 bankruptcy case (the "Debtor"), pursuant to § 363 of the United States Bankruptcy Code (the "Code") and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), moves the Court to authorize Debtor's post-petition use of cash collateral on an interim basis and to authorize such use on a final basis after a final hearing on the motion can be held (the "Motion"). In support of the Motion, the Debtor states the following.

**II. BACKGROUND**

**A. The Debtor's Business And The Chapter 11 Filing**

1.  The Debtor is the owner of a hotel property located at 1325 South Hurstbourne Parkway, Louisville, Kentucky 40222 (the "Real Property"). The Debtor, as an independent franchisee of InterContinental Hotels Group, operates a 271 room full-service Holiday Inn on the Real Property and employs approximately 110 employees.

2.  On October 8, 2010 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under Chapter 11 of the Code. The Debtor is operating its business as a debtor-in-possession pursuant to Code §§ 1107(a) and 1108.

3. This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Court can exercise its subject matter jurisdiction pursuant to 28 U.S.C. § 157(b)(1). Venue of this case and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. No request has been made for the appointment of a trustee or examiner, and no committee has been appointed in this case.

### B. The Cash Collateral

4. As of the Petition Date, the Debtor has assets including the hotel Real Property and improvements assessed for tax purposes at $10 million, and accounts receivable, inventory and other personal property the value of which is being determined. The Debtor's liabilities include secured claims in the principal amount of approximately $13.9 million and approximately $500,000 in unsecured claims.

5. The Real Property is subject to a recorded mortgage executed on or about May 21, 1998, in favor of Column Financial, Inc., in the original principal amount of $18,500,000 and appearing of record in the Office of Jefferson County Clerk in Book 4716, Page 123 (the "Mortgage"). The Mortgage secures a May 21, 1998 Promissory Note by the Debtor to Column in the original principal sum of $18,500,000 (the "Note"). In conjunction with the Note and Mortgage, the parties executed and caused the recording of an Assignment of Leases and Rents which document also appears of record in the Office of the Jefferson County Clerk in Book 7050, Page 514.

6. The Note, Mortgage and Assignment of Leases and Rents (collectively, the "Loan Documents") were subsequently assigned to and are currently held by Wells Fargo Bank, N.A.

("Wells Fargo") as Trustee, for the Registered Holders of DLJ Commercial Mortgage Corp., Commercial Mortgage Pass-Through Certificates, Series 1998-CF2 (the "Trust" or "Lender").

7. The Lender will contend that rents and other proceeds derived from the Real Property are subject to the Loan Documents and are the Lender's cash collateral (the "Cash Collateral").

8. As of the Petition Date, the Debtor was indebted to the Trust in the approximate principal amount of $13.9 million (the "Debt"). The Debtor has been making monthly interest payments and sending to the Lender for escrow the required funds for taxes and insurance. As of the Petition Date, the Debtor would have funds escrowed for these items except that, upon information and belief, the Lender may have converted the tax or other escrows for other uses. With reduced cash flow as a result of the recession, the Debtor has been unable to make the monthly principal payment of approximately $45,000 since October 2009.

9. Prior to the recession the Real Property had an assessed value for tax purposes of approximately $14.1 million, but has recently been reassessed by the taxing authority at approximately $10 million. The Debtor has unsecured debt -- principally to ordinary course vendors -- in the amount of approximately $500,000.

10. The Debtor requests authority to use the Cash Collateral on an interim basis and, after a final hearing regarding the continued use of the Cash Collateral, on a final basis.

### III. ARGUMENT FOR RELIEF AND APPLICABLE AUTHORITY

11. The Debtor's use of the Cash Collateral is imperative to ensure the Debtor's continued ordinary course operation as a hotel and conference center and to maximize the creditors' recovery. Entry of an interim order authorizing the use of the Cash Collateral is

necessary to avoid immediate and irreparable harm to the Debtor's business, the value of its assets, its creditors, and other parties in interest.

12. The Debtor estimates that use of the Cash Collateral in an amount up to approximately $660,000 for the four week period beginning Monday, October 11, 2010, is necessary to continue its normal business operations and meet its Chapter 11 obligations. The Debtor seeks to use Cash Collateral for payment of payroll, food and beverage expense, franchise fees, utilities and other expenditures critical to operation of a hotel, and to escrow amounts for real property taxes and other expenses the Debtor will be required to fund in Chapter 11. The Debtor is prepared to make these expenditures within the parameters of a budget.

13. It is in the best interests of the estate and its creditors that the Debtor be authorized to use the Cash Collateral pursuant to the terms contained herein.

14. As adequate protection of the Trust's asserted interest in the Cash Collateral, the Debtor proposes that the Lender be granted replacement liens in post-petition inventory, accounts receivable, and proceeds thereof generated by the Debtor's post-petition operations. The Debtor also proposes to escrow funds for the payment of property taxes to replace the previously escrowed funds which the Lender has taken. This escrow, to allow the taxes to be paid, benefits the Lender since unpaid taxes would have priority over its lien. The Debtor submits that the replacement liens and replenishment of the tax escrow will adequately compensate the Lender for the post-petition use of the Cash Collateral.

15. The Debtor will continue to account for all post-petition cash use and proposed cash use.

16. The Debtor further moves the Court to fix a hearing date to consider the entry of a final order authorizing the Debtor's continued use of the Cash Collateral.

17. In other Chapter 11 cases, this Court and others have granted relief similar to the relief sought in this Motion. *See, e.g.*, *In re Desai Marolia Investment Corp.*, Case No. 09-32952 (Bankr. W.D. Ky., June 15, 2009); *In re Tumbleweed, Inc.*, Case No. 09-31525 (Bankr. W.D. Ky., Apr. 1, 2009); *In re Thermoview Indus., Inc.*, Case No. 05-37123 (Bankr. W.D. Ky. Oct. 21, 2005); and *In re Interstate Equip. Sales & Rentals, Inc.*, Case No. 10-50280 (Bankr. E.D. Ky., Mar. 1, 2010).

18. Sufficient and adequate notice of this Motion and notice of the hearing thereon has been given pursuant to the Code and the Bankruptcy Rules, and no further notice is necessary or required except as hereinafter provided with respect to a final hearing.

19. No previous request for the relief requested herein has been made to the Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order approving the Debtor's use of the Cash Collateral, scheduling a date for a final determination with respect to the Debtor's continued use of the Cash Collateral, and granting any and all other relief to which the Debtor may appear entitled.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Motion should be granted. A proposed interim order is tendered.

Respectfully submitted,

/s/ Lea Pauley Goff
Lea Pauley Goff
James S. Goldberg
Emily L. Pagorski
Tristan van Tine
STOLL KEENON OGDEN PLLC
500 West Jefferson Street
Suite 2000
Louisville, Kentucky  40202
Telephone:  (502) 333-6000
Facsimile:  (502) 333-6099

*Proposed Counsel for the Debtor,*
*RW Louisville Hotel Associates, LLC*

111516.131972/621812