UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

RW LOUISVILLE HOTEL ASSOCIATES, LLC

Debtor

BANKRUPTCY NO. 10-35356

CHAPTER 11

## AGREED ORDER GRANTING NOTEHOLDER'S MOTION TO TERMINATE THE AUTOMATIC STAY

This matter coming to be heard on the Noteholder's Motion to Terminate the Automatic Stay and for Abandonment of Property (Dkt. 169, the "Motion"); the Court having jurisdiction over this core proceeding and the parties hereto; the Court noting that the Noteholder and the Debtor have agreed to the terms hereof; and the Court being fully advised in the premises;

IT IS HEREBY AGREED AND ORDERED THAT:

1. **Condition Precedent.** Entry of this Order by the Court as set forth below is a condition precedent to any agreements of the parties herein.

2. **Automatic Stay Relief and Consent to Receivership and Foreclosure.** The Motion is granted, and the automatic stay provisions of 11 U.S.C. § 362 are hereby modified to the extent necessary to permit the Noteholder to exercise any and all of its state law rights and remedies with respect to the Property (as defined in the Motion) and any proceeds therefrom, including the foreclosure action pending in Jefferson County Circuit Court, Case No. 10-CI-403823 (the "Foreclosure Proceeding"). The Debtor consents to, and irrevocably agrees to the entry of the Agreed Order Appointing Receiver (the "Receivership Order," Ex. 1 hereto) and the Agreed Judgment ("Agreed Judgment") and Order of Sale (Ex. 2 hereto) in the Foreclosure Proceeding. Upon entry of this Order, Debtor's counsel shall execute the Receivership Order and

1

Agreed Judgment, which Noteholder may file in the Foreclosure Proceeding at any time.

3. **Employment of Mr. Papovich.** Effective upon entry of the Agreed Order Appointing Receiver, the Noteholder, the Debtor and James Papovich agree that Mr. Papovich shall remain employed at the hotel for two days after the Receiver is on site at the hotel, and after that shall be available on call to assist the Receiver with information for twenty-eight additional days (the "Transition Period"). Mr. Papovich's work during the Transition Period shall be for the limited purpose of assisting the operational transition of the hotel to the Receiver, and/or such other duties as Mr. Papovich and the Receiver shall agree. During the Transition Period, Mr. Papovich shall take direction from the Receiver regarding the details of his employment (i.e., specific job duties, hours, etc.), provided those duties and conditions are substantially similar to or reasonably related to, or within comparable scope of the job details of his current position as manager/operator of the hotel. During the period beginning three days after the Receiver is on site and Mr. Papovich is on call, he need not be physically present at the hotel. For his service during the Transition Period, Mr. Papovich will be paid by the Receiver a gross monthly salary of $7,916.65 (the "Transition Salary"). At the conclusion of the Transition Period, provided that Mr. Papovich has made all reasonable efforts to cooperate in good faith with the Receiver in turning over the Property (as defined in Paragraph 2 of the Receivership Order, including those items specifically described in Paragraph 4(a) of the Receivership Order) and taken all reasonable steps to comply with the terms of this Order in good faith, Mr. Papovich will be paid by the Receiver an additional gross payment of $7,916.65 ("Severance Payment").

4. **Professional Fees.** Noteholder, ORIX Capital Markets, LLC, and the Debtor agree, and the Court orders, that the fee applications of Stoll Keenon Odgen ("SKO") are approved pursuant to 11 U.S.C. § 330(a), but only to the extent of $421,950.20 (the "Agreed

SKO Compensation"), which represents SKO's pre-petition retainer, plus amounts escrowed by the Debtor with SKO pursuant to the Order Granting Final Agreed Motion to Use Cash Collateral (Dkt. No. 115, the "Cash Collateral Order") through September 30, 2011. SKO may apply and retain all such funds now held in escrow and may retain all such funds previously applied, provided however, that SKO shall not apply any funds obtained from the Debtor in excess of the Agreed SKO Compensation. Noteholder withdraws any objections (including Dkt. No. 187 and 199) to the retention and application of the Agreed SKO Compensation by SKO. SKO waives any claim for any compensation or reimbursement of expenses of any kind in excess of the Agreed SKO Compensation. The approval set forth in this paragraph constitutes "final approval" of the Agreed SKO Compensation as that phrase is used in the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses (Dkt. No. 77) and Fed. R. Bankr. P. 2016.

5. **Renewal of Liquor License.** Mr. Papovich and/or the Debtor, as applicable, shall immediately seek to renew the Hotel's licenses with the Department of Alcoholic Beverage Control ("ABC") (including, without limitation, License Nos. 056-CCC-92 and 056-ESL-127) to the extent ABC's routine procedures permit Mr. Papovich and/or the Debtor to do so, and each shall reasonably cooperate in transferring such licenses to the Receiver or its designee should either the Noteholder or the Receiver so request, provided however, that neither Mr. Papovich nor the Debtor shall have any obligation (i) to make any representations or statements in such license renewal and transfer that is inconsistent with the change of possession and control of the hotel or the Debtor's other assets that is contemplated by this agreed order and related pleadings; or (ii) to assist in the license renewal or transfer contemplated here to the extent such acts could result in liability to Mr. Papovich, personally or through the Debtor.

6. **Dismissal of Chapter 11 Case.** The parties hereto acknowledge and agree that the entry of the Agreed Judgment and Order of Sale in the Foreclosure Proceeding constitutes cause for dismissal of this Chapter 11. If there is no objection to the dismissal of this case within the twenty-days following entry of this Order, this case shall be dismissed for cause upon the submission by counsel for the Noteholder of a proposed Order of Dismissal. If no such objection is filed, Noteholder's counsel shall submit such proposed order within twenty-two days following entry of this Order. In the event that any party-in-interest objects to the dismissal of the Chapter 11 case, the Court will schedule a hearing on such objection.

7. Irrespective of whether the Court grants the dismissal described in Paragraph 6, the remaining provisions of this Order are immediately effective and final. There being no just reason for delay, the foregoing constitutes a final order of this Court. To the extent applicable, the stay provided in Fed. R. Bankr. P. 4001(3) is waived. Any additional notice requirements are waived for cause.

*Thomas H. Fulton*
Thomas H. Fulton
United States Bankruptcy Judge
Dated: October 25, 2011

Agreed and Tendered by:

/s/ Lea Pauley Goff
Lea Pauley Goff
James S. Goldberg
Emily L. Pagorski
J. Kent Durning
STOLL KEENON OGDEN PLLC
500 West Jefferson Street
Suite 2000
Louisville, Kentucky 40202
Telephone: (502) 333-6000
Facsimile: (502) 333-6099

Proposed Counsel for Debtor,
RW Louisville Hotel Associates, LLC

/s/ Brian H. Meldrum
Brian H. Meldrum
D. Cooper Robertson
STITES & HARBISON, PLLC
400 West Market Street
Suite 1800
Louisville, Kentucky 40202
Telephone: (502) 587-3400
Facsimile: (502) 779-8296

Counsel for Noteholder, Wells Fargo Bank, National Association, formerly known as Wells Fargo Bank Minnesota, National Association, successor by merger to Norwest Bank Minnesota, National Association, as trustee for the registered holders of DLJ Commercial Mortgage Corp., Commercial Mortgage Pass-Through Certificates, Series 1998-CF2's

/s/ James Papovich

Seen by:

/s/ Scott Goldberg
Scott Goldberg
Counsel to United States Trustee
601 West Broadway, Suite 512
Louisville, Kentucky 40202

Seen by:

/s/ Leib M. Lerner
ALSTON & BIRD LLP
Leib M. Lerner (CA Bar No. 227323)
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: 213-576-1000
Facsimile: 213-576-1100

Counsel for Holiday Hospitality Franchising, Inc.